### SACQUELAND *et al. v.* THE METEOR.

*(Circuit Court, E. D. New York. June 8, 1889.)*

SEAMEN—WAGES—CHARACTER OF SERVICE.

> Libelant testified that he was hired by the master of a steam-yacht as mate, at $50 per month. The master testified that he was only hired as a deck-hand, at $30. There was no other mate than libelant. During the previous season he had been promoted from a deck-hand, at $30, to a mate, at $50, and as such served until the end of the season. During the season in controversy it appeared that until about three weeks before his discharge he wore a mate's uniform when visitors were around, bought for him by the master, who explained it by saying that it was necessary to have some one to act as mate to receive guests. Letters to libelant from the master, authorizing him to employ men, and to keep the work going, were introduced. When libelant left he did not apply for mate's wages. *Held,* that he was only entitled to the wages of a deck-hand.

In Admiralty. On appeal from the district court, 36 Fed. Rep. 566.

In the circuit court new evidence was introduced to show that libelant only wore a mate's uniform when visitors were around, and that when he left he did not apply for extra wages.

*Wilcox, Adams & Macklin,* for appellant.

*Noah Tebbetts,* for appellees.

BLATCHFORD, J. I think that, in view of the new proofs taken in this court, and of the whole case, the claim of Sacqueland for a mate's wages must be disallowed, but that the claim of each of the five persons to whom the district court allowed $6.75 for board money must be allowed. As the claimant has succeeded as to the claim of Sacqueland for a mate's wages, he must recover against Sacqueland the costs of this court; and, although the claim of Sacqueland, which is disallowed for a mate's wages, was coupled with the allowed claims for board money, it seems equitable that costs in the district court should be allowed to those who recover for board money.